IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW BRIAN VOGT,

                Plaintiff,

v.

KATE ZEMKE and JEFFERSON COUNTY
RECORDER'S OFFICE,

                Defendants.

3:14-cv-01222-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

    Plaintiff Matthew Brian Vogt ("Vogt"), proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against defendants Kate Zemke ("Zemke") and the Jefferson County Recorder's Office[1] (collectively, "Defendants"). Vogt alleges Defendants violated his rights under the Fifth and Fourteenth Amendments of the United States Constitution. Now before the Court is

---

[1] Vogt has referred to the Office of the Jefferson County Clerk as the "Jefferson County Recorder's Office" throughout this litigation.

1 – FINDINGS AND RECOMMENDATION

Defendants' Motion for Summary Judgment. ECF No. 35. I have considered the motion, supporting declarations and exhibits, and the pleadings. For the reasons set forth below, Defendants' motion should be granted.

## BACKGROUND

This case centers on a tract of land Vogt refers to as "15645 Rainbow, The Property." Am. Compl. ¶ 1, ECF No. 14. Vogt alleges this property encompasses lots 37-39 in Crook County, Oregon. Opp'n Mot. Summ. J. 4 & Ex. 1, at 6, ECF No. 87. The declaration of Tina Leaf, an assistant at the Office of the Jefferson County Assessor, and the exhibits submitted by Defendants, suggest otherwise. Leaf states that the property is in Jefferson County, not Crook County, and that the lots at issue are 38-40. Leaf Decl. 2 & Ex. 103 (assessment map), ECF No. 86. Defendants also submit reports and deeds on file for lots 38-40. These exhibits establish that lot 38 has been owned by Jay Reimer since May 2000; lot 39 has been owned by Donnie Parks ("Parks") since May 2010; and lot 40 has been owned by Douglass Pynn since January 2012. Leaf Decl., Exs. 105-107; *see also id.* at 2-3.

On February 24, 2012, Vogt faxed four documents to the Office of the Jefferson County Clerk: (1) an invoice for a 2005 survey from Povey & Associates of Redmond, Oregon; (2) a copy of a "Reconnaissance Survey" completed by Robert Povey on May 5, 2005; (3) an illegible document providing owner addresses; and (4) an illegible tax statement. Zemke Decl. 2 & Ex. 101, ECF No. 36. Vogt alleges he subsequently spoke with Zemke, who told him that she needed to speak with a supervisor before proceeding. Am. Compl. ¶ 2. Vogt alleges he did not hear back from Zemke until he called again on August 6, 2012, and Zemke told him that she would need original or certified copies of the four documents to record. *Id.* In response, Zemke states that the entire discussion with Vogt occurred during the original February 2012 call.

2 – FINDINGS AND RECOMMENDATION

Zemke Decl. 2. Zemke states that Vogt referred to the ownership of a piece of property. After locating the deed for that property, Zemke told Vogt that the property was owned by Parks, and that Vogt had not presented any deed showing that he owned or purchased the property after May 2010.[2] *Id.*

In July 2014, Vogt filed this civil rights action against the Jefferson County Recorder's Office. ECF No. 2. After I issued an Order to Show Cause, ECF No. 7, Vogt filed an Amended Complaint, ECF No. 14, joining Zemke as a defendant. Vogt alleges Zemke negligently handled the submitted documents, and in doing so, acted under color of state law to deprive Vogt of property without due process, in violation of the Fifth and Fourteenth Amendments. Further, Vogt alleges the Jefferson County Recorder's Office failed to adequately train Zemke and supervise its employees, which amounted to deliberate indifference of Vogt's Fifth and Fourteenth Amendment rights.

## LEGAL STANDARD

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is not proper if material factual issues exist for trial. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). The substantive law governing a claim or defense determines whether a fact is material. *See Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998). In evaluating a motion for summary judgment, this court must draw all reasonable inferences in favor of the

---

[2] Although Zemke's declaration indicates Vogt told her he owned lot 39, Vogt's Amended Complaint and his Opposition to Defendants' Motion for Summary Judgment indicate Vogt asserts ownership of lots 38–40. Am. Compl. ¶ 1; Opp'n Mot. Summ. J. 4, Ex.1 at 6.

3 – FINDINGS AND RECOMMENDATION

nonmoving party, and may not make credibility determinations or weigh the evidence. *See, e.g., Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

In civil cases involving a *pro se* plaintiff, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008). Further, *pro se* complaints are held to a less strict standard than those drafted by a lawyer. *Bonner v. Lewis*, 857 F.2d 559, 563 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990) (courts can infer claims from pleadings). However, a *pro se* litigant is not excused from following court rules, including basic pleading requirements. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).

## ANALYSIS

Defendants argue: (1) Vogt had no property interest at stake; (2) the documents Vogt sought to be filed were not recordable; (3) Vogt cannot bring a negligence claim under 42 U.S.C. § 1983; (4) Zemke is entitled to qualified immunity; and (5) the Jefferson County Recorder's Office is not a legal entity capable of being sued here. Mot. Summ. J. 6–8.

### I. Vogt had no ownership interest in "15645 Rainbow, The Property."

Defendants first argue Vogt was not the owner of the property at issue at the time he attempted to record documents, and therefore Vogt had no property interest of which he could be deprived. Mot. Summ. J. 6. I agree, and conclude that summary judgment should be granted in favor of Defendants on these grounds.

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); *see also*

*MacLean v. Dep't of Homeland Sec.*, 543 F.3d 1145, 1151 (9th Cir. 2008). To proceed, "[w]e analyze a procedural due process claim in two steps. The first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *United States v. Juvenile Male*, 670 F.3d 999, 1013 (9th Cir. 2012) (quotation marks and citation omitted).

Vogt appears to argue he was deprived of an ownership interest in "15645 Rainbow, The Property." Vogt alleges Defendants' actions prevented him from "prov[ing] ownership" of the property. Am. Compl. ¶ 1; *see also id.* ¶ 3 ("Had the recorder's office informed me that I needed to submit the original documents, or certified copies of the documents showing proof of ownership, I would have done so!"). Further, Vogt seeks "[e]ither [the] property that was lost restored . . . or [the] current appraised value [of the property]" as relief in this action. *Id.* at 5. More succinctly, Vogt argues "the county is depriving me of the ability to prove ownership of the property." Opp'n Mot. Summ. J. 5.

On this record, however, there is no genuine dispute whether Vogt owned any of the property at issue when he submitted the documents to be recorded in February 2012. Defendants submit evidence showing as a matter of law that the lots have been owned by persons other than Vogt before February 2012. Vogt, on the other hand, has submitted evidence indicating only that he owned some property at "15645 SW Rainbow Road" before 2010. *See* Opp'n Mot. Summ. J., Ex. 1, at 3-5. Because Vogt had no property interest when the alleged deprivation took place, Vogt's procedural due process claim fails. Further, because Vogt suffered no constitutional violation, any claim based on Jefferson County's alleged failure to train Zemke necessarily fails. *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1021 (9th Cir. 2010). Therefore, I conclude that Defendants are entitled to judgment as a matter of law.

## II. Alternative grounds for granting summary judgment

Although Vogt's failure to show a property interest at stake is dispositive, Vogt's claims fail on other grounds. As to Vogt's claims that Zemke was negligent, lack of due care is not a proper basis for liability under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 333 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (negligent denial of due process not actionable under § 1983). As to Vogt's naming "the Jefferson County Recorder's Office" (or the Office of the Jefferson County Clerk) as a party, the Recorder's Office is not a separate legal entity subject to suit under § 1983. *See Updike v. Clackamas Cty.*, No. 3:15-cv-00723-SI, 2015 WL 7722410, *3-*4 (D. Or. Nov. 30, 2015) (collecting cases).

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment, ECF No. 35, should be granted. Judgment should be entered dismissing this action with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or

judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 2nd day of November, 2016.

_____
Honorable Paul Papak
United States Magistrate Judge